**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank Leroy STUEVE, Defendant-
Appellant.**

**No. 72-1281.**

United States Court of Appeals,
Tenth Circuit.

Oct. 20, 1972.

Floyd L. Martin, Oklahoma City, Okl., for defendant-appellant.

Jerry Cord Wilson, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

Before HILL and DOYLE, Circuit Judges, and W. BROWN, Chief Judge.*

WILLIAM E. DOYLE, Circuit Judge.

On October 22, 1971, defendant pleaded guilty to an indictment charging him and one William George Gossar with knowingly, wilfully and unlawfully escaping from confinement in the United States Federal Reformatory at El Reno, Oklahoma, which confinement was pursuant to a conviction of a violation of the Dyer Act. Count 2 of the same indictment charged him with the theft of a government vehicle and in Count 3 he was charged with interstate transportation of the same vehicle with knowledge that it had been stolen. Counts 2 and 3 were dismissed at the time appellant pled guilty to the charge of escape from confinement.

Following a presentence investigation and a psychiatric evaluation, the defendant was sentenced pursuant to the indeterminate sentencing act, 18 U.S.C. § 4208(a)(2), to a maximum of four years with the proviso that defendant could be released at such time as the Parole Board determined that he should be released. The sentence was ordered to run concurrently with the sentence which he was then serving.

The present appeal does not question the validity of the conviction. In essence, the defendant claims that the sentence is excessive for two reasons, first, because he escaped in the first instance in order to obtain relief from what he claims were intolerable prison conditions and, secondly, because he contends that the sentence imposed is excessive in relationship to the offense charged and the conditions in the institution so as to violate his right under the Eighth Amendment to the Constitution of the United States to be protected from cruel and unusual punishment.

Appellant has not presented evidence consisting of sworn testimony as to prison conditions. The information before the court was tendered in the form of counsel statements at the sentencing hearing. It consists of information which was furnished to counsel by appellant. Appellant is admittedly a homosexual, and he claims that he was subjected to repeated sexual abuse while in the El Reno institution. He claims that inmates traded his services to other inmates for prison commodities. He further claims that prison officials (guards) failed to give him protection and that they also made sexual approaches to him. Appellant's brief informs us that the conditions in the prison were such that he was forced to find a protector, an inmate who was physically able to ward off the others. He further states that his protector will be released in May 1972 and that thereafter he will again be subjected to the violations which occurred prior to the acquisition of the protector. One of his requests is that he be granted parole at the same time that his protector is released. It is thus apparent that the facts asserted are, to say the very least, bizarre.

We have examined the contention that the sentence here imposed constitutes a violation of the Eighth Amendment and have concluded from a reading of the cases, including Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958); Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910); Wilkerson v. Utah, 99 U.S. 130, 25 L.Ed. 345 (1878), and Ralph v. Warden, Maryland Penitentiary, 438 F.2d 786 (4th Cir. 1970), cert. denied, 408 U.S. 942, 92 S.Ct. 2869, 33 L.Ed.2d 766 that it does not. In each of these cases the Court examined the sentence itself in order to ascertain whether it was, in view of the offense, cruel

* Chief Judge, United States District Court for the District of Kansas, sitting by designation.

and unusual, and it was suggested in some of the cases that an excessive sentence is cruel and unusual. Thus, in *Ralph*, the Fourth Circuit considered the validity of a death sentence based on a charge of rape which, although forcible, was not accompanied by aggravating circumstances. See O'Neil v. State of Vermont, 144 U.S. 323, 12 S.Ct. 693, 36 L.Ed. 450 (1892). The majority concluded that it was excessive and thus cruel.

In *Weems*, the Supreme Court held a section of the Philippine penal code invalid. This provision had declared that falsification of a public record was punishable by a maximum sentence of 12 years' hard labor in ankle chains. It carried subsequent civil disabilities.

In *Trop*, the Supreme Court held that denationalization for wartime desertion was excessive and was cruel and unusual punishment.

Generally speaking, the courts have considered the words "cruel" and "unusual" as one term and have not given special effect to the term "unusual." Thus, in Trop v. Dulles, *supra,* it was said that the punishment of denationalization for the crime of desertion was prohibited because of the constitutional ban on unusual punishments, but the Court went on to hold that denationalization was also prohibited because it was cruel. The footnote in *Trop*, 356 U.S. at 100, 78 S.Ct. 590, brings out the relative insignificance of the term "unusual." [1] At the same time, the excessive sentence has generally been held to be in violation of the cruel and unusual clause, and it would appear that it is the cruel standard that here comes into play. See Weems v. United States *supra,* and see also O'Neil v. State of Vermont, 144 U.S. 323 at 339, 12 S.Ct. 693, 36 L.Ed. 450 (1892).

It is not possible to conclude from a reading of the decisions that the four-year sentence for the offense of escape from confinement is per se so excessive as to constitute a violation of the Eighth Amendment. The four-year term is a maximum one and the defendant is eligible to be released by the Parole Board at any time. If the facts stated by counsel based on information given to him by appellant are true, and they may be, although there may also be some exaggeration, the conditions described, even though grossly obnoxious, would not form a basis for voiding the judgment on appeal.

Finally, the remedy, if any exists, would be by extraordinary writ, and not by appeal. Sworn testimony at a proper evidentiary hearing instead of unsupported charges is indispensable.

It follows that the instant sentence is beyond the reach of the Eighth and Fourteenth Amendments on an appeal such as this.

Accordingly, the judgment should be and it is hereby affirmed.

---

1. However, the concurring opinion of Mr. Justice Douglas in *Furman* points out that the death penalty inflicted on the defendant would be unusual if it discriminates against him by reason of his race, religion, wealth, social position or class.